$400

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON<br>316 Covered Bridge Road<br>King of Prussia, PA 19406<br><br>            **Plaintiff**<br>   v.<br><br>DOAN SOLUTIONS, LLC<br>5842 Fayetteville Rd #105,<br>Durham, NC 27713<br><br>THAI DOAN, individually and as Chief<br>Executive Officer/Principal of DOAN<br><br>and Does 1-100, inclusive<br><br>           **Defendants** | Civil Action No. **17 2368** |

## COMPLAINT:

This is an action brought by Plaintiff JAMES EVERETT SHELTON for damages, statutory damages, interest, court costs, and injunctive relief under rights pursuant to Federal Statute 47 U.S.C. 227, and 47 C.F.R. 64 ("Federal Question" Jurisdiction) for the *ultra vires* illegal actions and deliberate and knowing tortious activity of DOAN SOLUTIONS, LLC ("Company"), THAI DOAN ("Mr. Doan") and DOES 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system ("RoboCalls") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* Plaintiff demands a trial by jury, and complains and alleges as follows:

### I. Introduction

1. Plaintiff brings this action to challenge the Company's practices in the telephone

solicitation of its products and services. Specifically, Plaintiff challenges Company's and Company's agents' illegal telephone solicitations and RoboCalls by which it markets its products and services, and failure to maintain a Do-Not-Call policy or list in connection therewith.

    **2.** All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern.

## II.     Jurisdiction and Venue

    **3.** This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

    **4.** Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendant conducts business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County, which lies within this judicial district, pursuant to 28 U.S.C. §118. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received.

## III.     Parties

    **5.** Plaintiff JAMES EVERETT SHELTON ("Plaintiff") is an individual who received the alleged phone calls on his private mobile telephone line, (484) 626-3942, mentioned herein. Plaintiff is an adult individual residing at 316 Covered Bridge Road, King of Prussia, PA 19406.

    **6.** Defendant DOAN SOLUTIONS, LLC ("Company") is a limited liability company incorporated in the State of North Carolina that markets and sells, *inter alia,* student loan

relief services to consumers throughout the United States, and transacts business in, inter alia, Montgomery County, Pennsylvania, which lies within this Judicial District. Company has a principal mailing address located at 5842 Fayetteville Rd #105, Durham, NC 27713

**7.** Defendant THAI DOAN ("Mr. Doan") is an adult individual and the Principal/CEO of Company. He maintains a residence at 5308 Lyon Farm Drive, Durham, NC 27713

**8.** Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

**9.** At all times herein mentioned, Company, Mr. Doan, and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

**10.** At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

### IV. Factual Allegations

**11.** Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: a.) a valid injury in fact, b.) which is traceable to

the conduct of the defendants, and c.) and is likely to be redressed by a favorable judicial decision. See, Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 6, and Lujan v. Defenders of Wildlife, 504 U.S. 555 at 560. 29."

**12.** In or about July 8th, 2016, Plaintiff received the first of multiple "RoboCall" solicitations by Defendants and/or their agents at Plaintiff's personal mobile telephone, 484-626-3942. Plaintiff had not consented to this solicitation.

**13.** The incoming call displayed caller identification showing 209-276-0486, and upon answering, Plaintiff heard a pre-recorded message about student loan relief services, before he was connected to Defendants.

**14.** The unsolicited telephone call was placed to Plaintiff's personal mobile telephone number and utilized an "automatic telephone dialing system" or "RoboCall," to transmit a message, as prohibited by 47 U.S.C. § 227(b)(1)(B).

**15.** The telephone call was a "RoboCall" because there was a delay before an agent answered the phone, and because Plaintiff heard a pre-recorded message.

**16.** Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

**17.** Plaintiff's telephone number was on the National Do-Not-Call registry for approximately one (1) year prior to this illegal unsolicited phone call.

**18.** Plaintiff has never taken out a student loan, so he was confused about why he was receiving a call about student loan relief services.

**19.** Plaintiff spoke to the agent, "Karl" that answered and confirmed corporate identity with the agent, including company website and address.

**20.** Plaintiff asked to receive an e-mail to confirm the identity of the caller. "Karl" sent

an e-mail to Plaintiff the same day to confirm his company's identity and its purported services.

21. Plaintiff then communicated by e-mail to the Company on July 8, 2016 demanding to have his number placed on the Company's Do-Not-Call list.

22. Plaintiff also requested to receive a written copy of Company's Do-Not-Call policy.

23. Despite demand, Defendants refused and/or failed to comply with Plaintiff's written request to provide a copy of Company's Do-Not-Call policy.

24. Despite demand, Defendants failed to place Plaintiff's telephone number on Company's internal Do-Not-Call list.

25. Plaintiff received another RoboCall from the Defendants on August 1, 2016 at 6:11 PM from 209-276-0486, the same number that called him on July 8.

26. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

27. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls for sales purposes on his personal mobile telephone. Plaintiff never provided his contact information to Company on an inquiry form, online or otherwise.

28. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

29. The RoboCalls violated various portions of 47 U.S.C. § 227 and 47 CFR § 64.1200.

### First Cause of Action

(Negligent Violation of the TCPA "Sales Call" Prohibition, 47 U.S.C. § 227 et seq.)

30. Plaintiff incorporates and re-alleges, as though fully set forth herein, each of the paragraphs above.

31. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

32. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call" Prohibition, 47 U.S.C. § 227 et
seq.)

33. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

34. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

35. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Third Cause of Action

(Negligent Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

36. Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above

**37.** As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227, et. seq., Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the private right of action.

### Fourth Cause of Action
(Knowing and/or Willful Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

**38.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**39.** As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Fifth Cause of Action
(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

**40.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**41.** As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Sixth Cause of Action
(Knowing and/or Willful Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

**42.** Plaintiff incorporates and re-alleges, as though fully set forth herein, each of the

paragraphs above.

**43.** As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

**44.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**45.** As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

**46.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**47.** As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

### I. PRAYER FOR RELIEF

On Causes of Action 1-8:

1. For awards of $500 for each negligent violation as set forth in actions 1-8;

2. For awards of $1,500 for each knowing and/or willful violation as set forth in actions 1-8.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing; Total statutory damages: **$12,000** (Two counts each of: Sales Call, Robocall, Failure to put Plaintiff's number on Company's internal Do-Not-Call list, and Failure to Provide a Written Copy of Defendant's Do-Not-Call policy, with treble damages for each).

For All Causes of Action:

4. Prejudgment interest at the maximum legal rate;

5. Costs of suit herein incurred; and

6. All such other and further relief as the Court deems proper.

## V.   Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: 5/24/2017

*James E Shelton*

James Everett Shelton
*Plaintiff Pro Se*
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 626-3942
jamieshelton66@yahoo.com

JS 44 (Rev. 06/16)

# CIVIL COVER SHEET

17 2368

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JAMES EVERETT SHELTON
316 COVERED BRIDGE ROAD
KING OF PRUSSIA, PA 19406

## DEFENDANTS
DOAN SOLUTIONS, LLC
5842 FAYETTEVILLE RD #105,
DURHAM, NC 27713

(b) County of Residence of First Listed Plaintiff **MONTGOMERY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **DURHAM**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
JAMES EVERETT SHELTON, PLAINTIFF PRO SE
316 COVERED BRIDGE ROAD
KING OF PRUSSIA, PA 19406, (484) 626-3942

Attorneys *(If Known)*
UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Telephone Consumer Protection Act, 47 U.S. Code § 227 et seq., and 47 C.F.R. § 64.1200 et seq.
Brief description of cause:
Defendants called Plaintiff on his private telephone in violation of the FTCPA and related claims.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 12,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 05/24/2017
SIGNATURE OF ATTORNEY OF RECORD
*James E. Shelton*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 316 Covered Bridge Road, King of Prussia, PA 19406

Address of Defendant: 5842 Fayetteville Rd #105, Durham, NC 27713

Place of Accident, Incident or Transaction: By phone call to my private telephone
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☑

Does this case involve multidistrict litigation possibilities?  Yes☐  No☑
RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. X All other Federal Question Cases
    (Please specify) Federal Telephone Consumer Protection Act

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, James Everett Shelton, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☑ Relief other than monetary damages is sought.

*James E Shelton*
James Everett Shelton,   PLAINTIFF PRO SE
DATE: 5/24/2017
Attorney-at-Law   Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

*James E Shelton*
James Everett Shelton   PLAINTIFF PRO SE
DATE: 5/24/2017
Attorney-at-Law   Attorney I.D.#
PRO SE

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| JAMES EVERETT SHELTON | : | CIVIL ACTION |
| v. | : | |
| DOAN SOLUTIONS, LLC | : | NO. 17 2368 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 5/24/2017 | James Everett Shelton | PLAINTIFF PRO SE |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (484) 626-3942 | | jamieshelton66@yahoo.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02