IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES EVERETT SHELTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DOAN SOLUTIONS, LLC, et al. | : | No. 17-cv-2368 |

ORDER

AND NOW, this 17th day of July 2017, upon consideration of Plaintiff's Request for Default Judgment (Doc. No. 4), it is hereby ORDERED as follows:

1. The Clerk of Court is directed to enter a default for Defendants Doan Solutions, LLC and Thai Doan.
2. Plaintiff's motion for default judgment (Doc. No. 4) is GRANTED.
3. Judgment is entered in favor of Plaintiff and against Defendants Doan Solutions, LLC and Thai Doan in the amount of $12,000.

Plaintiff James Shelton brought this suit pro se, alleging knowing and willful violations of the Telephone Consumer Protection Act, 47 U.S.C § 227, by Defendants Thai Doan and Doan Solutions, LLC. Service by mail was effected on June 9, 2017. Proof of Service (Doc. No. 2). Neither defendant has entered an appearance or filed a response of any kind.

As a result, entry of default and default judgment are appropriate. The Defendants were properly served. The Pennsylvania Rules of Civil Procedure permit service by mail when process is served outside of Pennsylvania. Pa. R. Civ. P. 404(2). A copy of the process must be "mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. Shelton submitted proof of delivery with a signed returned

receipt. Proof of Service (Doc. No. 2). He also submitted an affidavit signed by the process server, who swore under penalty of perjury that service was completed "Per PA Rule 404(2) and 403." *Id.* Such a certification is sufficient evidence of service "in the absence of proof to the contrary." *Gottlieb v. Am. Corp.*, 452 F.2d 510, 514 n.5 (3d Cir. 1971); *see also Davis v. Walker*, No. 861 C.D. 2016, 2017 WL 2290137, at *2–3 (Pa. Commw. Ct. May 24, 2017).

Despite this service, defendants have "failed to plead or otherwise defend," and have therefore defaulted. Fed. R. Civ. P. 55(a). The Telephone Consumer Protection Act provides for statutory damages, *see* 47 U.S.C. § 227(c)(5), and Shelton has submitted an affidavit calculating the applicable statutory damages in this case as $12,000. Aff. Supp. Clerk's Default J. (Doc. No. 4). Because Shelton seeks default judgment for a sum certain, judgment may be entered without the Court holding a hearing or conducting an accounting. Fed. R. Civ. P. 55(b)(1). Therefore, the Court will enter default judgment in favor of Plaintiff and against Defendants in the amount of $12,000.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.